FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 JUN 19  PM 12: 24

                    WELL

BY_____DEP. CLK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:14-cv-01426-WYD-MEH

Countryman Nevada, LLC

Plaintiff,

vs.

John Doe 1, et al.

Defendants

---

**MOTION TO QUASH OR MODIFY SUBPOENA**

**AND**

**MOTION TO DISMISS**

---

I, Defendant John Doe No. 7, ("Defendant" or "Defendant 7"), *Pro se,* and identified by Internet Protocol ("IP") address:  67.177.250.246 on April 7, 2014 at 9:28:59 PM GMT., respectfully submit this Motion to Quash or Modify the Subpoena issued by the Countryman Nevada, LLC ("Plaintiff") to third party Comcast Communications Management, LLC ("Comcast").  Within the Subpoena, the Plaintiff commands that Comcast produce documentation, electronic information, or objects, and permit inspection, for the purpose of ascertaining my identity, contact information and other personal information.  A copy of the Subpoena, including its attachments, issued by the Plaintiff to Comcast is attached hereto and incorporated herein as **Exhibit A**.

Respectfully, I am contemporaneously moving the Court to sever Case 1:14-cv-01426-WYD-MEH John Doe Defendants except John Doe No. 1, and dismiss the Plaintiff's claims against the severed Does.

Respectfully, I am contemporaneously with this motion, filing a Supplement and moving the Court to permit me to file the Supplement under Restriction Level 2 pursuant to the procedure set forth in D.C. COLO. LCivR 7.2. The Supplement contains my identity and contact information, which are required for filing of this motion, under Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

## GROUNDS FOR MOTIONS

On May 20, 2014, Countryman Nevada, LLC filed a Complaint against 10 John Doe Defendants ("John Doe Defendants" or "Defendants" and each a "Defendant"), alleging that I used a file-sharing protocol called BitTorrent to illegally infringe the Plaintiff's copyright in a motion picture entitled "The Necessary Death of Charlie Countryman" (the "Motion Picture").

First, I categorically deny all allegations in the Complaint, as I am innocent. Until I received the Subpoena from Comcast on May 29, 2014, I had never heard of the Motion

Picture "The Necessary Death of Charlie Countryman".  I have not downloaded, viewed, copied, nor distributed this Motion Picture, nor any fraction thereof.

Second, I have not conspired with any other individual, group or "Swarm" to commit copyright infringement as alleged in the Complaint.

Third, as a subscriber of Comcast, my residence is assigned dynamic IP addresses.  However, any dynamic Internet Protocol (IP) address associated with my Comcast account does not equate to any specific User of the account.

Fourth, since receiving the Subpoena from Comcast, I have conducted research and discovered that these subpoena notifications are often followed by demand letters for the purpose of extorting a settlement payment in exchange for prevention of releasing the Defendants' private information, regardless of the Defendants' guilt or innocence. These settlements are reported as averaging approximately $2,500 per Defendant. For this reason, I respectfully request that I be allowed to do so without revealing my personal identifying information.

Fifth, Plaintiff's counsel BROWN & KANNADY, LLC, is using improper joinder in this mass lawsuit alleging copyright infringement through BitTorrent, to reduce costs required to file multiple cases. Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* in which the Court noted before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

In a Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in

denying the motion for expedited discovery:

> Plainly stated, the Court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.
> *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation

system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill- considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in Court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit. *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In the Northern District of California, these similar BitTorrent cases have been

severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*

In an order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder.  Judge Zimmerman stated the following in his order:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes.  However, Plaintiff's desire to enforce its copyright in what it asserts is a cost- effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

## ARGUMENTS

1. **Plaintiff Has Improperly Joined 10 Individual Defendants Based on Entirely Disparate Alleged Acts.**

2. **Plaintiff Has Not Done Significant Investigative Effort to Justify Granting a Subpoena For Subscriber Information From the Internet Service Provider.**

Plaintiff's joinder of 10 John Doe Defendants in this single action is improper and provokes the risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal Courts in both the RIAA

cases and elsewhere.  As one Court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.
> BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions.  Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
> Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

> (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants.  *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by Courts across the country.

In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C.

Feb. 27, 2008), the Court ordered severance of lawsuit against 38 defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way.  The Court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2.

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work.  While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses.  That attenuated relationship is not sufficient for joinder.  See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

## CONCLUSION

The improper joining of 10 John Doe Defendants into this one lawsuit raises serious questions of individual fairness and individual justice.  Many of the Courts that previous heard these types of mass copyright infringement cases have correctly named this activity as a "Fishing Expeditions" for subscriber information.  There is a well documents history of these types of cases in the Northern Districts of Illinois and California.  My research of previous behavior of the Plaintiff with respect to these cases indicates the Plaintiff has no intention of naming any of the Doe Defendants, much less

bringing them to an actual trial after they obtain subscriber information and settlement efforts fail.   My expectation is the Plaintiff will use the subscriber information obtained from the ISPs to send out settlement letters attempting to scare Doe defendants into paying thousands of dollars to make the case go away, regardless of true guilt or innocence.   The current state of mass copyright infringement cases in the US clearly shows this is the standard business model for these types of cases.   On 5 Oct 11, these types of unethical actions were highlighted in an order by Judge John A. Gibney, Eastern District of Virginia, in K-Beech vs Does 1-85, 3:11cv469-JAG:

> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, die plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.

The Plaintiff has taken a cursory effort to identify the true copyright infringers.  As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible.   The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access.   There are multiple possibilities as to why the defendant did not copyright infringe against Plaintiff.   Possible reasons are:   computer/network was "hacked" by unauthorized personnel; Home WiFi connection run "Open" and used by unauthorized

personnel (neighbor, etc.); Guest at the defendant's residence used the network and defendant was not aware of the activity. Without additional investigative steps, innocent personnel are bound to be implicated in infringement activity and pressured to pay settle amounts to make the threat of a federal law suit go away.

WHEREFORE, I respectfully request an order to Quash or Modify Subpoena requiring Comcast to provide the subscriber information on all John Doe defendants to the Plaintiff. In addition, I respectfully request the Court sever all Doe Defendants except John Doe No. 1 from this case, and I respectfully request an Order to dismiss the severed Does, as there is no evidence to show that ALL the Doe Defendants acted together and are thus incorrectly joined. See Fed. R. Civ. P. 21.

Under a separate filing of Motions and a Supplement, I have requested an Order permitting my Supplement be restricted under Restriction Level 2, and requested an Order to permit me to proceed anonymously in this case.

Respectfully submitted this _____19th_____ day of June, 2014.

Signature: _____ Date: _____ 6/19/14

John Doe No. 7
Pro se

# CERTIFICATE OF SERVICE

I hereby certify that on this _____19th_____ day of June, 2014, I served copies

of the foregoing documents including attached exhibits via U.S. Mail and via Facsimile as

follows:


Mailed via USPS to:
**Attorneys for Plaintiff: Scott T. Kannady, Esq.**          *Supplement excluded*
BROWN & KANNADY, LLC
2000 S. Colorado Blvd. Ste 2-610
Denver, CO  80222


**Comcast Legal Response Center**
Transmitted via Facsimile:  866-947-5587


Signature: _____John Doe #7_____          Date: _____6/19/14_____
John Doe No. 7
*Pro se*

*Exhibit A*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| COUNTRYMAN NEVADA, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   14-cv-01426 |
| JOHN DOE 1, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Comcast Cable Communications Management, LLC, c/o The Corporation Company, Registered Agent
    1675 Broadway Ste 1200, Denver, CO 80202

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see the attached Order, letter and excel spreadsheet

| Place: Brown & Kannady, LLC | Date and Time: |
|---|---|
| 2000 S. Colorado Blvd. Ste 2-610 | |
| Denver, CO 80222 | 06/17/2014 11:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/23/2014

*CLERK OF COURT*

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Countryman Nevada, LLC, Plaintiff_____ , who issues or requests this subpoena, are:

Scott T. Kannady, Brown & Kannady, LLC
2000 S. Colorado Blvd. Ste 2-610, Denver, CO 80222
scott@brownlegal.com, 303-757-3800 (phone) 303-757-3815 (fax)

| No | IP | HitDate UTC (mm/dd/yy) | File Name | File Hash |
|----|----|------------------------|-----------|-----------|
| 1 | 76.120.43.118 | 5/14/14 04:06:41 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |
| 2 | 50.76.132.49 | 5/9/14 06:42:13 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |
| 4 | 71.56.232.247 | 5/3/14 06:20:33 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |
| 5 | 67.165.240.21 | 4/19/14 11:12:30 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |
| 6 | 76.25.139.13 | 4/17/14 02:41:46 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |
| 7 | 67.177.250.246 | 4/7/14 08:28:59 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575D0E322F5F766FB1F |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01426-WYD-MEH

COUNTRYMAN NEVADA, LLC, a California limited liability company,

     Plaintiff,

v.

DOES 1-7,

     Defendants.

_____

## ORDER

_____

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Plaintiff's Renewed Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [filed May 22, 2014; docket # 12]. Plaintiff's motion is **granted in part and denied in part** as follows.

     Plaintiff's motion alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning the identities of the Doe Defendants.

     Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

      After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, Plaintiff's motion is **granted in part** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the seven (7) IP addresses listed in Docket # 12-2. The subpoenas shall be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by the Plaintiff. Finally, the Court emphasizes that Plaintiff may only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket # 1]. The Court cautions Plaintiff that improper use of this information may result in sanctions. Any other relief that may be requested in the motion is denied.

      Entered and dated at Denver, Colorado, this 22nd day of May, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

2