FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 JUN 19 PM 12: 24

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-01426-WYD-MEH

Countryman Nevada, LLC

Plaintiff,

vs.

John Doe 1, et al.

Defendants

---

**MOTION TO FILE SUPPLEMENT UNDER RESTRICTION LEVEL 2
PURSUANT TO THE PROCEDURE SET FORTH IN D.C. COLO. LCivR 7.2**

**AND**

**MOTION TO PROCEED ANONYMOUSLY
IN ACCORDANCE WITH Fed. R. Civ. P. 11(a),**

---

I, Defendant John Doe No. 7, ("Defendant" or "Defendant 7"), *Pro se,* and identified by Internet Protocol ("IP") address: 67.177.250.246 on April 7, 2014 at 9:28:59 PM GMT., respectfully submit this Motion to file a Supplement under Restriction Level 2 pursuant to the procedure set forth in D.C. COLO. LCivR 7.2.

Respectfully, I am contemporaneously filing a Supplement containing my identity and contact information, which are required for filing of this motion, under Fed. R. Civ. P. 11(a), which states in pertinent part,

Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

Respectfully, I am contemporaneously filing a Motion to Quash or Modify the Subpoena issued by the Countryman Nevada, LLC ("Plaintiff") to third party Comcast Communications Management, LLC ("Comcast"), my Internet Service Provider ("ISP"). Within the Subpoena, the Plaintiff commands that Comcast produce documentation, electronic information, or objects, and permit inspection, for the purpose of ascertaining my identity, contact information and other personal information. A copy of the Subpoena and its attachments issued by the Plaintiff to Comcast is attached hereto and incorporated herein as **Exhibit A**.

I offer the following in adherence to D.C. Colo. LCivR 7.2(c):

(1) The document for which Level 2 Restriction is sought is the Supplement to Motion to Quash or Modify Subpoena and Supplement to Motion to Proceed Anonymously Proceed Anonymously Pursuant to Fed. R. Civ. P 11(a).

(2) The interest to be protected is my confidential information, including name, address, telephone number and email address. I am is presently identified as a party in this lawsuit only by IP address. In good faith, I believe the protected interest of my confidential information outweighs the presumption of public access because if my name, address, telephone number and email address are

made accessible to anyone apart from the Court or myself, it will threaten and put at great risk the preservation of my identity.

(3) The clearly defined and serious injury that would result if access to my confidential information is permitted is the loss of my anonymity in this lawsuit. Plaintiff will know who I am, have access to my telephone number, email address, mailing address and the location of my place of residence with my family. I must protect myself and my family from any further intrusion into our lives by the Plaintiff, who presently identifies me by an IP address, and "John Doe No. 7".

(4) Only restriction of my name, telephone number, email address and residential address will adequately protect me and my family because the Plaintiff has only an IP address associated to my name at this time.

(5) The level of restriction requested is Level 2, which would limit access to my confidential information to myself and the Court.

## GROUNDS FOR MOTIONS

On May 20, 2014, Countryman Nevada, LLC filed a Complaint against 10 John Doe Defendants ("John Doe Defendants" or "Defendants" and each a "Defendant"), alleging that I used a file-sharing protocol called BitTorrent to illegally infringe the Plaintiff's copyright in a motion picture entitled "The Necessary Death of Charlie Countryman" (the "Motion Picture").

When the Plaintiff initially filed this action, it claimed to know the Internet Protocol (IP) address of each infringing defendant, but not their real names, addresses, or other identifying information. The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider (ISP) for that IP address. ISPs, such as Comcast, maintain temporary internal logs that record the date, time, and customer identity for each IP address serviced by that ISP. Magistrate Judge Michael E. Hegarty granted in part and denied in part Countryman Nevada, LLC its Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) conference, enabling Countryman Nevada, LLC to conduct limited discovery on the ISPs that service the allegedly infringing IP addresses so that Countryman Nevada, LLC could discover the identity of the John Doe Defendants, including John Doe No. 7, and serve them with process or, as typical in these types of cases, make demand for settlement in an amount far exceeding the value of the film copy or any damages suffered by the Plaintiff.

Since the Court's Order permitting such discovery, Comcast has provided its subscribers, including me, with notice of the subpoena indicating that it will comply with the subpoena if a motion to quash the subpoena is not filed by June 19, 2014.

Several Courts have dealt with similar requests. In K-Beech, Inc. v. Does 1-29, 826 F.Supp. 2d 903 (W.D.N.C. 2011) the Court pointed out the contrasting tensions that characterize the issue of party anonymity: While it is appropriate to name "John Doe" defendants where the plaintiff is initially uncertain of the actual name of the defending

party, a presumption arises against anonymous pleading because there is "a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public." Luckett v. Beaudet, 21 F.Supp.2d 1029, 1029 (D.Minn. 1998). While a party who wishes to proceed anonymously may overcome this presumption by filing a well-reasoned motion to proceed anonymously, "[i]t is the exceptional case in which a ... [party] may proceed under a fictitious name." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). In the Fourth Circuit, the Court of Appeals has held that the presumption of openness applies to party identity; however, "under appropriate circumstances anonymity may, as a matter of discretion, be permitted." James v. Jacobson, 6F.3d 233, 238 (4th Cir. 1993). See also Doe v. North Carolina Central University, 1999 WL 1939248 (M.D.N.C. April 15, 1999). In a fact scenario similar to the instant case, the Court in Patrick Collins, Inc. v. Does 1-38, --- F.Supp.2d ----, 2013 WL 1175245 (D.Mass.,2013) found that under the circumstances, it was appropriate for a pro se Doe to proceed anonymously at "this preliminary stage in the litigation."

WHEREFORE, I respectfully request for the Court to grant an order permitting my Supplement be restricted under Restriction Level 2, Pursuant to D.C. Colo. LCivR 7.2, and I contemporaneously request for the Court to grant an order permitting me to proceed anonymously in this case.

Respectfully submitted this 19th day of June, 2014.

Signature: John Doe #7   Date: 6/19/14
John Doe No. 7, Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_19th\_\_\_ day of June, 2014, I served copies of the foregoing documents including attached exhibits via U.S. Mail and via Facsimile as follows:

Mailed via USPS to:
**Attorneys for Plaintiff: Scott T. Kannady, Esq.**          *Supplement excluded*
BROWN & KANNADY, LLC
2000 S. Colorado Blvd. Ste 2-610
Denver, CO 80222


**Comcast Legal Response Center**
Transmitted via Facsimile: 866-947-5587

Signature: _John Doe #7_            Date: _6/19/14_
John Doe No. 7
*Pro se*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado

| | |
|---|---|
| COUNTRYMAN NEVADA, LLC <br> *Plaintiff* <br> v. <br> JOHN DOE 1, et al. <br> *Defendant* | Civil Action No. 14-cv-01426 <br> (If the action is pending in another district, state where: ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Communications Management, LLC, c/o The Corporation Company, Registered Agent
1675 Broadway Ste 1200, Denver, CO 80202

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see the attached Order, letter and excel spreadsheet

| Place: Brown & Kannady, LLC <br> 2000 S. Colorado Blvd. Ste 2-610 <br> Denver, CO 80222 | Date and Time: <br> 06/17/2014 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/23/2014

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Countryman Nevada, LLC, Plaintiff_____, who issues or requests this subpoena, are:

Scott T. Kannady, Brown & Kannady, LLC
2000 S. Colorado Blvd. Ste 2-610, Denver, CO 80222
scott@brownlegal.com, 303-757-3800 (phone) 303-757-3815 (fax)

| No | IP | HitDate UTC (mm/dd/yy) | File Name | File Hash |
|---|---|---|---|---|
| 1 | 76.120.43.118 | 5/14/14 04:06:41 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |
| 2 | 50.76.132.49 | 5/9/14 06:42:13 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |
| 3 | 71.56.232.247 | 5/3/14 06:20:33 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |
| 4 | 67.185.240.21 | 4/19/14 11:12:30 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |
| 5 | 76.25.139.13 | 4/17/14 02:41:46 AM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |
| 6 | 67.177.250.246 | 4/7/14 09:28:59 PM | Charlie Countryman [2013] HDRip XViD-ETRG | SHA1: E474691C2BD7EF89B822575300E322F5F766FB1F |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01426-WYD-MEH

COUNTRYMAN NEVADA, LLC, a California limited liability company,

Plaintiff,

v.

DOES 1-7,

Defendants.

## ORDER

Michael E. Hegarty, United States Magistrate Judge.

Before the Court is Plaintiff's Renewed Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [filed May 22, 2014; docket # 12]. Plaintiff's motion is **granted in part and denied in part** as follows.

Plaintiff's motion alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning the identities of the Doe Defendants.

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, Plaintiff's motion is **granted in part** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the seven (7) IP addresses listed in Docket # 12-2. The subpoenas shall be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by the Plaintiff. Finally, the Court emphasizes that Plaintiff may only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautions Plaintiff that improper use of this information may result in sanctions. Any other relief that may be requested in the motion is **denied**.

Entered and dated at Denver, Colorado, this 22nd day of May, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

2