## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01426

Countryman Nevada, LLC,
a California limited liability company,

      Plaintiff,

vs.

| | | |
|---|---|---|
| JOHN DOE 1, | JOHN DOE 5, | JOHN DOE 8, |
| JOHN DOE 2, | JOHN DOE 6, | JOHN DOE 9 and |
| JOHN DOE 3, | JOHN DOE 7, | JOHN DOE 10 |
| JOHN DOE 4, | | |

      Defendants.

---

## PLAINTIFF'S RESPONSE TO JOHN DOE 7's MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

---

COMES NOW, Plaintiff, Countryman Nevada, LLC ("Countryman" or "Plaintiff") by and through undersigned counsel, respectfully requests the Court deny John Doe 7's ("John Doe 7" or "Defendant"), also identified by IP address 67.177.250.246, Motion to Quash or Modify Subpoena and Motion to Dismiss directed at Comcast Cable Communications Management, LLC ("Comcast" or "ISP") for the reasons argued below.

## I.    INTRODUCTION

In the ever changing and evolving digital age that we live in, copyright infringement continues to be a problem and is on the rise nationwide.[1] Plaintiff has suffered great harm due to

---

[1] See Google Tackles Piracy By Removing Millions of URLS  http://news.cnet.com/8301-1023_3-57441333-93/google-tackles-piracy-by-removing-millions-of-urls/#postComments and Google Transparency Report http://www.google.com/transparencyreport/removals/copyright/

infringements committed by thousands of residents in the District of Colorado and has no option but to file suit to prevent the further widespread theft of its copyright "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[2] .

Other Federal Circuit courts have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous doe defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005).  Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow John Doe 7's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II.    THIS COURT SHOULD NOT QUASH THE SUBPOENA

Full disclosure is the rule, and exceptions to full disclosure are not favored.  "Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed."  United States v. Nixon, 418 U.S. 683, 710 (1974).  The range of permissible discovery is quite broad and the discovery rules are to be liberally interpreted in order

---

[2] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

to effectuate the full extent of their truth-seeking purpose, and "[i]n close cases, the balance must be struck in favor of allowing discovery." Williams v. Dist. Ct., 866 P.2d 908, 912 (Colo. 1978). Depriving Plaintiff of the right to subpoena the Defendant's records would undermine the truth-finding purpose of civil discovery:

> The discovery process [] is designed to allow parties to narrow the issues, obtain evidence for use at trial, and secure information about the existence of evidence.... Conducted properly, it avoids a trial in which the victor is determined by surprise and concealment rather than by the merits of the case.

> Weinstein v. Ehrenhaus, 119 F.R.D. 355, 357 (S.D.N.Y. 1988).

This Court should not quash the subpoena because Plaintiff's need for the information to pursue its copyright infringement claim outweighs any privacy interest Defendant may have. See Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383, *8 (E.D. Pa. July 30, 2012) ("An internet user engaging in peer to peer file sharing has a minimum expectation of privacy.") In Malibu, the Court noted that opening one's computer to the world, particularly for the purposes of copyright infringement, does not provide a defendant with a significant privacy interest. "One court aptly summarized this sentiment by stating that, 'it is hard to understand just what privacy expectation he or she has after essentially opening up the computer to the world.' This expectation is even lower where the alleged transmissions include copyright protected works." Id. Further, in the 9th Circuit, an IP address, and even the "to/from" fields for email, do not carry an expectation of privacy as these are akin to the address on a public package. United States v. Forrester, 495 F.3d 1041, 1049 (9th Cir. 2007) citing Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, (1979). This Court granted Plaintiff limited discovery to serve a subpoena on Defendant's ISP because Plaintiff has no other way to identify the Defendants and proceed with

its copyright infringement case against them. Plaintiff has requested only the identifying information of the John Doe 7 from its ISP.

Further, an individual using John Doe 7's IP address, 67.177.250.246, illegally downloaded Plaintiff's copyrighted work. Even assuming it was not John Doe 7, under the broad discovery provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service. "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, we are of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

If the Court were to quash the subpoena, copyright holders would be unable to bring actions for copyright infringement on the Internet. The Supreme Court has held file sharing of copyrighted works is infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 125 S.Ct. 2764 (2005). Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers. See In re Charter Communications, Inc. Subpoena Enforcement Matter, 393 F.3d 771, 774 (8th Cir. 2005); Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010). The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[3] Courts

---

[3] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer.  See e.g., Sony Music Entertainment, inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement.  With out this ability, copyright owners would have a right without a remedy.  Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury."  Marbury v. Madison, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

John Doe 7's motion to quash the subpoena appears to be based on privacy concerns and a claim that, because John Doe 7 has an alleged "unsecured Wi-Fi," John Doe 7 may not have illegally downloaded the movie.  To the extent John Doe 7 has any concerns about the potential misuse of the identifying information, John Doe 7 fails to provide any evidence demonstrating that Plaintiff has or will misuse the identifying information.  Moreover, to the extent John Doe 7 is claiming that disclosure of any identifying information would constitute a violation of privacy, such a claim is not valid because John Doe 7 does not have a legitimate expectation of privacy to information that was voluntarily disclosed to the ISP. TCYK, LLC v. Does 1-34, No. 13-C-539 (E.D. Wis. July 25, 2013) (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("[C]ourts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers."); BKGTH Productions v. Does 1-14, No. 13-cv-

667 (E.D. Wis. August 12, 2013) (same); TCYK, LLC v. Does 1-38, No. 13-cv-554 (E.D. Wis. August 16, 2013) (same).

As to the denial of liability based on an alleged "unsecured Wi-Fi," or any other non-liability argument, these arguments on the merits are simply not relevant as to the validity or enforceability of the subpoena. TCYK, LLC v. Does 1-34, No. 13-cv-539 (E.D. Wis. July 25, 2013) (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); BKGTH Productions v. Does 1-14, No. 13-cv-667 (E.D. Wis. August 12, 2013) (same); TCYK, LLC v. Does 1-38, No. 13-cv-554 (E.D. Wis. August 16, 2013) (same).

In order to establish good cause to demonstrate an undue burden, "the party moving to quash a subpoena bears the burden of persuasion." Webster v. Northwest Cancer Specialists, P.C. (D. Or., 2012), citing Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005).  Further, Defendant must provide "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Silva v. Fortis Benefits Ins. Co., 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006).  Here, John Doe 7 has offered no argument as to why he / she would suffer an undue burden. Even if John Doe 7 argues that Comcast would suffer an undue burden, this argument is not relevant to this motion as no ISP has filed a motion to quash.  ISP's have made this argument before and courts have ruled that serving a subpoena to obtain subscriber information is necessary to learn the identities of the Defendants in a case. See AF Holdings LLC v. DOES 1-1,058 (Case No. 1:12-cv-00048-BAH, Doc. 46, U.S.D.C.D.C 2012) in which Judge Howell states:

Accordingly, because the Complaint sufficiently alleges prima facie allegations of copyright infringement, there are no named defendants in this case, and the plaintiff must obtain information necessary to identify those allegedly infringing its copyright in order to proceed with a lawsuit, the plaintiff's subpoenas to the ISPs are properly issued, and compliance with these subpoenas will not impose an undue burden upon the ISPs. AF Holdings LLC v. DOES 1-1,058 (Case No. 1:12-cv-00048-BAH, Doc. 46 at P. 15.)

### A. Movant as Anonymous Party

Generally a party's desire to appear anonymously does not outweigh an opposing party's right to present their case and requires a showing of "special circumstances." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). Such special circumstances are balanced against the public interests which are best served when litigant's identities are revealed. Id. In the present case there is no such special circumstances claimed. The Defendant simply expects to be immune to the standard rules of discovery and the law with respect to the public policy favoring disclosure. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Absent a showing of special circumstances that outweigh the court and the public's interest in an open judicial system, John Doe 7 should not be allowed to appear anonymously. As such, Defendant's motion in its entirety must be denied. For these reasons, an allegedly undue burden has not been suffered by an ISP or John Doe 7 as the arguments to quash a subpoena are unpersuasive and fail on their face.

### III.   JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits permissive joinder when there is the same

transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.  Plaintiff has done both here and respectfully requests this Court to rule in line with other jurisdictions that have found joinder appropriate in copyright infringement BitTorrent actions.

### i.    The Infringement Occurred Through a Series of Transactions

For the word "series" to have any meaning in Rule 20(a), the rule must permit joinder to be proper when there is something other than a direct transaction.  "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expending substantial effort to understand the allegations in the complaint and the applicable law. Judge Randon summarized the plaintiff's allegation asserting that each defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining

whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.

By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.  Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012).

Significantly, Judge Randon then explained through the force of clear deductive logic that each defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:  1) the Defendant connected to and transferred a piece of the Movie from the initial seeder; or 2) the Defendant connected to and transferred a piece of the Movie from a seeder who downloaded the completed file from the initial seeder or from other peers; or 3) the Defendant connected to and transferred a piece of the Movie from other Defendants who downloaded from the initial seeder or from other peers; or 4) the Defendant connected to and transferred a piece of the Movie from other peers who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder. In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.  Id.

Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same

Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.  Id.

**ii.        The Supreme Court Encourages Joinder**

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact.  Id. at 142-143.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie.  The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.  Just as it was not alleged in United States v. Mississippi that the registrars shared with each other their efforts to

prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other.  It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### iii.        There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. The Honorable Judge Tharp of the Northern District of Illinois, issued an opinion stating that joinder was proper because the plaintiff "allege[d] in its complaint that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves." Sunlust Pictures, LLC v. Does 1-75, 12 C 1546, 2012 WL 3717768 at *4 (N.D. Ill. Aug. 27, 2012).  Judge Tharp also found that the claims against the Doe Defendants clearly contained common questions of law and fact.

> Rule 20 requires only that "any question of law or fact [be] common to all defendants," not that *every* question of law or fact be common.  Accordingly, joinder is proper here, and the Court denies Doe's motion to sever for improper joinder. Id.

Likewise, all of the Doe Defendants in this case participated in the same swarm.  Similar cases in other districts have held the same. "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence

about the infringing activity will be essentially identical for each putative defendant." <u>Call of the Wild Movie v. Does 1-1,062</u>, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

"Here, common questions of law and fact are present. Defendants are all accused of violating the same copyright laws. Additionally, the interconnectedness of using BitTorrent to complete the alleged acts creates common questions of fact. Consequently, we find that this low standard is satisfied." <u>Malibu Media, LLC v. John Does 1-15</u>, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012). The fact that each Doe Defendant may later assert "individual defenses that 'differ wildly'… does not mean that joinder is improper" as Defendant suggests. <u>Id.</u>

### iv.       **The Time Period For Infringement**

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time. As the Eastern District of Michigan explained the technology, even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder. <u>Patrick Collins, Inc. v. John Does 1-21</u>, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012).

Here, Plaintiff's investigator in a sworn declaration stated that he received a piece of the movie from the Defendants' IP when they were allegedly distributing it to others. (*See* **Exhibit A** filed with Plaintiff's Motion For Leave to Take Discovery Prior to Rule 26(f) Conference [Document #3]) Plaintiff has clear factual evidence that the information requested by the subpoena is an infringing IP address, and Plaintiff is not pulling IP addresses out of thin air.  Additionally, the Complaint named Doe Defendants that had infringing activity within 6 weeks of each other and the Doe Defendants are under 35 in number.  This is consistent with the instructions from this Court.

The Southern District of New York in recognizing that the concept of joinder is adaptable to changing technological landscapes impacting the complexity of lawsuits stated "[w]hile the period at issue may therefore appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time."  Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012).  The Michigan Court explained that time constraints should not impact that the infringements occurred through a series of transactions. "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm."  Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012.)

### v.    Joinder Promotes Judicial Efficiency

Joinder of the Defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants.  "[J]oinder at this stage is . . . in the interest of convenience and judicial economy [and] does not create any unnecessary delay nor does

it prejudice any party. Rather, severance is more likely to likely to cause delays and prejudice [plaintiff] and future named defendants alike." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252-53 (N.D. Ill. 2011). The Eastern District of Pennsylvania has addressed this issue and stated "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

## IV.   **MOTION TO DISMISS**

### A.   **Introduction**

This case was filed on May 20, 2014. Plaintiff's claims against John Doe 1, et.al. are for copyright infringement and contributory copyright infringement.

Although John Doe 7 does not expressly state it, it appears that he / she has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. However, the Defendant has failed to state under which rule or state he / she as filed the Motion to Dismiss, and as such, the Motion to Dismiss should be denied out of hand pursuant to D.C.COLO.LCivR 7.1 (d).

### B.   **Legal Standard**

Fed. R. Civ. P. 12(b)(6) (the "Rule") allows trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems Inc., F.2d 1157, 1160 (Fed. Cir. 1993). *See* Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 312 (3d Cir. 1999) (noting that Rule is designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted). Under the Rule, the court may be dismissed if the claims asserted are either: (1) contain a legal

14

theory that is not cognizable as a matter of law; or (2) the factual allegations are implausible. *See* Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 249, 129 S. Ct. 788, 792, 172 L.Ed.2d 582 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 167 L. Ed. 2d 929 (2007).   However, in evaluating a motion to dismiss under the Rule, all averments of material fact by plaintiff must be accepted as true, the court must resolve all reasonable doubt and inferences in the plaintiff's favor, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff.  *See* Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 249, 129 S. Ct. 788, 792, 172 L.Ed.2d 582 (2009); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 167 L. Ed. 2d 929 (2007).   Under the Federal Rules for notice pleading, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319, 127 S. Ct. 2499, 2507, 168 L. Ed. 2d 179 (2007) ("Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests' ").   In the instant case, the Plaintiff must only show that the facts, as plead by the Plaintiff, must be sufficient to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of the Plaintiff's claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007) (citations omitted).  The burden of proof lies with the moving party.  *See* Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008); Ragin v. New York Times Co., 923 F.2d 995, 999 (2d Cir. 1991).

C.    **Argument**

Plaintiff has given the Defendant sufficient notice of its claim to defeat Defendant's Motion to Dismiss.  Plaintiff has plead that it believes that John Doe 7 committed direct and contributory copyright infringement.

Here John Doe 7 has plead that the Complaint should be dismissed because, among other arguments, he / she is "innocent", and has not conspired with others to download the Plaintiff's Motion Picture.

These issues are a question of **fact**.  At the present time, the Plaintiff has pled that it believes that John Doe 7 committed direct and contributory copyright infringement.  Under the legal standard, this averment of material fact must be accepted as true.  If treated as true, then the Motion to Dismiss must be denied.  At the time of the filing of the Complaint, Plaintiff cannot know for certain what facts exist, other than the facts alleged in the Complaint and Motion For Leave to Take Discovery Prior to Rule 26(f) Conference, to prove to support its claim.  However, Plaintiff reasonably believes that the discovery process will reveal relevant evidence in support of its claims.  It is not the purpose of the Rule for the Plaintiff to prove its case in the Complaint, but merely to give notice of its claims to the Defendant.

Plaintiff has sufficiently given the Defendant proper notice of its claim for relief, that is, that Plaintiff believes that John Doe 7 committed direct and contributory copyright infringement.  Because this must be accepted as true, the Defendant has not proved that Plaintiff does not have claim for relief.

The purpose of the claim for relief is only required to provide a generalized summary of the case that affords fair notice to the Defendants.  Plaintiff's Complaint contains a summary of

the case against John Doe 7.  He / she has fair notice that Plaintiff is bringing a claim against him /her  for direct and contributory copyright infringement; and John Doe  7 will have the opportunity to refute Plaintiff's claim.

A claim for relief need not recite all the facts that give rise to the claim. In the instant case, Plaintiff has, in compliance with Fed. R. Civ. P. 8(a)(2), plead a short and concise statement showing it has claims for relief against John Doe 7.   Dismissal of these claims would be improper.  *See* Spomer v. City of Grand Junction, 144 Colo. 207, 355 P.2d 960 (1960) (If any of the allegations of the complaint give notice to the defendants of a claim for relief and there is some competent evidence produced at the trial upon which relief could be granted, a dismissal of the action is error).

Under the legal standard, in deciding the Defendants' Motion to Dismiss, this Court must accept as true all allegations contained in the Complaint.  If the Court accepts Plaintiff's allegations as true, Plaintiff has alleged sufficient facts required to assert its claim against the Defendant.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: July 10, 2014

**BROWN & KANNADY, LLC**

*/s/ Scott T. Kannady*

Scott T. Kannady, No. 29995
David J. Meretta, No. 44409
BROWN & KANNADY, LLC
2000 South Colorado Blvd., Suite 2-610
Denver, CO 80222
Phone:  (303) 757-3800
Fax:  (303) 757-3815
E-mail: scott@brownlegal.com
E-mail: david@brownlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2014, I electronically filed the foregoing using the CM/ECF system. As the Defendant's motion is under Level 2 restriction pursuant to D.C.COLO.LCivR 7.2; the undersigned respectfully requests the Court effectuate service on the Defendant John Doe 7.

By: /s/ Maegan Stevens
Maegan M. Stevens, Paralegal
Brown & Kannady, LLC