**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01426-WJD-MEH

COUNTRYMAN NEVADA, LLC,
a California Corporation,

      Plaintiff,

vs.

JOHN DOE 1, et.al.,

      Defendants.

---

**PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

---

Now comes Countryman Nevada, LLC, (Countryman or Plaintiff) before the Court.

Fed.R.Civ.P. 4(m) provides:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.  But if the plaintiff *shows good cause for the failure*, the court *must extend the time for service for an appropriate period*. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).  [emphasis added]

The Plaintiff has not received the subscriber information requested via Subpoena from the Defendants' Internet Service Providers ("ISPs") and requests an additional 60 days to receive this information and serve the Defendants.

**I. INTRODUCTION**

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

1

To briefly summarize Plaintiff's case, as set forth in Plaintiff's May 21, 2014 Complaint, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff has not received any information from the ISPs sufficient to identify certain Doe Defendants. Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Defendant has received the identifying information for all Defendants.

## II. ARGUMENT

### A. UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good

cause. *See* Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D.Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has not yet received information from the ISPs. Thus, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received the identifying information for the Doe Defendants. Second, Plaintiff has not yet been

able to ascertain the merits of its claims against the Doe Defendants so as to ensure Plaintiff does not prosecute frivolous claims. Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 60 days in which to effectuate service or voluntarily dismiss this case without prejudice.

Respectfully submitted this 16th day of September, 2014.

        BROWN & KANNADY, LLC

        /s/ Scott T. Kannady

        Scott T. Kannady, No. 29995
        David J. Meretta, No. 44409
        BROWN & KANNADY, LLC
        2000 South Colorado Blvd., Suite 2-610
        Denver, CO 80222
        Phone: (303) 757-3800
        Fax: (303) 757-3815
        E-mail: scott@brownlegal.com
        E-mail: david@brownlegal.com

        ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2014, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

                                        */s/ Karin R. West*
                                        Karin R. West
                                        Original Signature on File