**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01426-WYD-MEH

COUNTRYMAN NEVADA, LLC,
a California Corporation,

       Plaintiff,
vs.

JOHN DOE 1, et.al.,

       Defendants.

---

**PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

---

Now comes Countryman Nevada, LLC, (Countryman or Plaintiff) before the Court. Fed.R.Civ.P. 4(m) provides:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff *shows good cause for the failure*, the court *must extend the time for service for an appropriate period*. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1). [emphasis added]

**The Plaintiff is currently in negotiations with some of the Doe Defendants and requests an additional 30 days to either finalize negotiations or amend the Complaint and serve the Defendants.**

On or about September 19, 2014, the Plaintiff received information requested by subpoena from several Internet Service providers. On September 16, 2014, Plaintiff filed its first Request

1

for Extension of Time to Serve Defendants and on September 17, 2014 the court granted the 30 day extension moving the service deadline to October 17, 2014.

## I. INTRODUCTION

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, as set forth in Plaintiff's May 20, 2014 Complaint, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff received the information Subpoenaed from Comcast Cable and CenturyLink QC sufficient to identify certain Doe Defendants on or about September 19, 2014. Since that time the Plaintiff has entered into negotiations with several of the Doe Defendants, some of which have not been concluded at this time. Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Defendant has concluded the negotiations with these defendants.

## II. ARGUMENT

    A.  UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed.R.Civ.P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. *See* Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D.Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also

Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff received the information Subpoenaed from Comcast Cable sufficient to identify certain Doe Defendants on or about September 19, 2014. Since that time the Plaintiff has entered into negotiations with several of the Doe Defendants, some of which have not been concluded at this time. Thus, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. Therefore, the Court should extend the time for service for an appropriate period.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 30 days in which to effectuate service or voluntarily dismiss this case without prejudice.

Respectfully submitted this 16th day of October, 2014.

BROWN & KANNADY, LLC

/s/ Scott T. Kannady

Scott T. Kannady, No. 29995
David J. Meretta, No. 44409
BROWN & KANNADY, LLC
2000 South Colorado Blvd., Suite 2-610
Denver, CO 80222
Phone: (303) 757-3800
Fax: (303) 757-3815
E-mail: scott@brownlegal.com
E-mail: david@brownlegal.com
ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2014, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Karin R. West*
Karin R. West
Original Signature on File